**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTHEAST REGIONAL COUNCIL OF CARPENTERS, UBCJA, | Civil Action No.: 14-4129 (CCC) |
| Plaintiff, | **MEMORANDUM ORDER & JUDGMENT** |
| v. | |
| B & L MOVING AND INSTALLATION, INC. a/k/a B & L GROUP USA, INC., | |
| Defendant. | |

**CECCHI, District Judge.**

This matter comes before the Court on a motion of Petitioner Northeast Regional Council of Carpenters, UBCJA ("Petitioner" or the "Union") to confirm an arbitration award [ECF No. 3] and on cross-motion of Respondents B & L Moving and Installation, Inc. ("B&LMI") and B & L Group USA, Inc. ("Group USA") (collectively, "Respondents") to vacate an arbitration award [ECF No. 10]. This matter is decided without oral argument. Fed. R. Civ. P. 78. It appearing that:

1. Petitioner seeks to confirm the May 22, 2014 arbitration award (the "Award") issued by arbitrator J.J. Pierson (the "Arbitrator"). Respondents seek to vacate the Award with respect to Group USA on the grounds that Group USA is a non-signatory to the Collective Bargaining Agreement (the "CBA").

2. Petitioner and B&LMI are parties to the CBA. (Resp'ts' Mot. at 2; Pet'r's Opp'n Br. at 6.) It is undisputed that Group USA is a non-signatory of the CBA. (Resp'ts' Mot. at 1; Pet'r's Opp'n Br. at 12.)

3. The CBA prohibits an employer from "subcontract[ing] any work within the jurisdiction of the Union which is to be performed at the job site except to a contractor who holds an agreement with the [Union] . . . or who agrees in writing, prior to or at the time of the execution of his subcontract, to be bound by the terms of this Agreement." (Pet., Ex. C at 24.) Also pursuant to this section of the CBA, a signatory is prohibited from "participat[ing] in the creation of or operation of new or double-breasted corporations for the purposes of avoiding the obligations of this [CBA]." (Id.)

4. The Arbitrator conducted a hearing on April 17, 2014; Group USA did not appear at the hearing or otherwise respond to the Union's allegations. (Pet., Ex. A at 8.) The Arbitrator issued the Award on May 22, 2014 against Respondents pursuant to his findings that:

> B & L Moving & Installation, Inc. is a "single" employer with, and also known as, B & L Group USA Inc., operating together as a "double breasted" entity, and obligated to apply the terms and conditions of the Collective Bargaining Agreement with the Union, pursuant to Article XIX on the "131 Morristown Road," Basking Ridge job-site. As the Union evidenced, B&L did not hire member Carpenters to perform the work and failed to meet its contractual obligations to employ Union carpenters to perform work within the jurisdiction of the Carpenter. By violating the Agreement, the Union lost work opportunities and Member-Carpenters lost wages and benefits.

(Id.)

5. "In a proceeding to confirm or vacate an arbitration award, a court's review is exceedingly narrow." Eichleay Corp. v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers, 944 F.2d 1047, 1055-56 (3d Cir. 1991). Indeed, "[a]s long as the arbitrator's award draws its essence from the collective bargaining agreement

. . . the award is legitimate." United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 36 (1987) (citation omitted). Thus, if an arbitrator is "even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." E. Associated Coal Corp. v. United Mine Workers of Am., Dist. 17, 531 U.S. 57, 62 (2000) (citation omitted). However, "an arbitrator may not venture beyond the bounds of his or her authority." Matteson v. Ryder Sys. Inc., 99 F.3d 108, 112 (3d Cir. 1996).

6. With respect to Group USA, the Court has reviewed the parties' submissions and finds that the Arbitrator exceeded his authority. "[A]s a matter of contract, no party can be forced to arbitrate unless that party has entered an agreement to do so." Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 1110, 1114 (3d Cir. 1993) (citing PaineWebber, Inc. v. Hartmann, 921 F.2d 507, 511 (3d Cir. 1990)). It is well settled in the Third Circuit that "the question of arbitrability—whether a collective bargaining agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 868 F.2d 573, 576 (3d Cir. 1989).

7. This Court has held, on numerous occasions, that a non-signatory to the CBA cannot be bound by an arbitrator's decision—even on the grounds that it acted as a double-breasted entity for a signatory entity—unless the Court made such a determination

3

prior to the arbitration or the non-signatory waives a judicial determination by arguing before the arbitrator on the merits. N. Jersey Interiors, LLC v. New Jersey Reg'l Council of Carpenters, 2012 WL 84431, at *3 (D.N.J. Jan. 10, 2012) ("However, the Arbitrator's determination that [New Jersey Installations, LLC] was operating as a 'single employer' with [North Jersey Interiors, LLC] does not supplant a judicial determination that [North Jersey Interiors, LLC] is subject to the CBA's arbitration clause by virtue of such status. Absent this judicial determination, the Arbitrator had no authority to arbitrate the dispute between [North Jersey Interiors, LLC] and the [New Jersey Regional Council of Carpenters]."); Duvall Contracting LLC v. New Jersey Bldg. Laborers' Dist. Council, 2011 WL 6303388, at *3 (D.N.J. Dec. 16, 2011) (noting that "an arbitrator's double-breasting determination cannot bind the non-signatory to a CBA unless a district court has already determined that the two entities are a single employer" but holding that non-signatory waives any judicial determination on the double-breasting issue if it argues before the arbitrator on the merits); ECC Sys., LLC v. New Jersey Reg'l Council of Carpenters, 2011 WL 4020978, at *1 (D.N.J. Sept. 9, 2011) ("It is undisputed that [ECC Systems, LLC] was not a signatory to the labor agreement with the Union. The Arbitrator had no authority to arbitrate the dispute between [ECC Systems, LLC] and the Union—absent a determination by the Court that [ECC Systems, LLC] was contractually bound to arbitrate."); New Jersey Reg'l Council of Carpenters v. K & M Gen. Contracting, LLC, 2011 WL 3475532, at *1 (D.N.J. Aug. 9, 2011); New Jersey Reg'l Council of Carpenters v. Heartland Dev. Co., 2010 WL 1706961, at *6 (D.N.J. Apr. 27, 2010) ("Accordingly, because Heartland Building is not a signatory to the CBA,

and the arbitrator was without authority to issue an award against it, the arbitrator's award against Heartland Building is vacated.")

8. Accordingly, because Group USA never obtained a judicial determination on the double-breasting issue nor waived this right by arguing on the merits, the Arbitrator was without authority to bind Group USA in the Award. Put simply, "[t]hat question is for the district court, not an arbitrator." Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 868 F.2d 573, 577 (3d Cir. 1989).

9. With respect to B&LMI, no party disputes the Arbitrator's authority to bind this entity given its status as a signatory to the CBA. Thus, the Court will confirm the Award against B&LMI.

Accordingly, **IT IS** on this \_\_\_22\_\_\_ day of \_\_\_January_____, 2015

**ORDERED** that Petitioner's motion to confirm an arbitration award [ECF No. 3] is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Respondents' cross-motion to vacate an arbitration award [ECF No. 10] is hereby **GRANTED**; and it is further

**ORDERED AND ADJUDGED** that judgment shall be entered in favor of Petitioner Northeast Regional Council of Carpenters, UBCJA, and against Respondent B & L Moving & Installation, Inc. as follows: (1) B & L Moving & Installation, Inc. shall make payment to Petitioner in the amount of **$423,872.00** for lost work opportunities, lost wages and lost benefits, and (2) B & L Moving & Installation, Inc. shall pay **$1,350.00** to Petitioner for one half of the Arbitrator's total fee as required by the CBA; and it is further

**ORDERED** that the Clerk of the Court shall close this case.

**SO ORDERED.**

_____
**HON. CLAIRE C. CECCHI**
**United States District Judge**